(106 N. W. 131.)

---

## IN RE WHITTEMORE.

Opinion filed October 23, 1905.

**Attorney — Disbarment — Corrupt Conduct.**

> 1. Evidence examined, and *held* not to sustain charges of corrupt conduct on the part of the accused attorney.

Application of Otis Kolstad for the disbarment of Guy L. Whittemore.

Proceeding dismissed.

*Guy C. H. Corliss* and *Tracy R. Bangs,* for prosecutors.
*Scott Rex* and *McClory & Barrett,* for defendant.

ENGERUD, J. This is a proceeding instituted in this court for the disbarment of Guy L. Whittemore. The accusation against him alleges in substance that in December, 1901, one Otis Kolstad employed the firm of Whittemore & Torson, and paid them $15 to file and foreclose a mechanics lien upon a mill in Rugby, owned by one Leistikow, to secure the sum of $34 due to Kolstad for labor; that the accused, falsely and with intent to deceive Kolstad, repeatedly represented that an action to foreclose the lien had been commenced and had been noticed for trial, but in fact no foreclosure proceedings had ever been commenced; that the accused, on or about August 17, 1903, collected the amount due on the lien, and satisfied and discharged the same of record, and willfully concealed that fact from his client and embezzled the amount so collected.

The evidence was taken before a referee. Numerous witnesses were examined, and the examination of each witness, even as to the most trivial circumstances, was most exhaustive. The result is a mass of testimony, much of it wholly irrelevant or immaterial. It would require an opinion of unprecedented length to discuss the evidence in detail. Such a discussion would serve no useful purpose.

It is very clear from the evidence that no part of the sum claimed to be due on the mechanic's lien has ever been collected; and hence the charge of embezzlement is wholly refuted.

There is some room for doubt as to whether the action to foreclose the lien was ever commenced, as the evidence on that subject is not entirely satisfactory. The unsatisfactory character of the evidence on that subject is explained, however, by the fact that all the records and files in Whittemore & Torson's office were destroyed by fire after the time the accused claims the action was commenced; and by the further fact that Mr. Leistikow, the defendant in that action, is dead, and the deputy sheriff who, it is claimed, made the service, had left the country. The fact that no papers in the action had been filed with the clerk of court is of no significance except to show that the action had not been noticed for trial, because every practitioner in this jurisdiction knows that it is a very common practice to delay the filing of papers until a case is noticed for trial. Neither side attempted to show that the sheriff kept any record of service or had any recollection on the subject; but this omission is as much chargeable to the prosecution as to the defense, because the sheriff's records, as well as his testimony as to his personal recollection of the transaction, if he had any on the subject, was equally accessible to either party. The accused is to some extent corroborated in his testimony as to service of the papers. Whatever doubt the testimony leaves in our minds on the subject should be resolved in favor of the accused. In re Eaton, 4 N. D. 514.

We are fully convinced that Whittemore & Torson would have been justified in advising the abandonment of the action and the acceptance of the terms of settlement proposed by Leistikow, as Whittemore testifies was done. In view of that fact and the small amount involved there is a strong probability that such advice was given; and it is very improbable, as Kolstad claims, that nothing of that kind was ever said or written. The probability of Whittemore's testimony on this subject, and the improbability of Kolstad's claim, as well as the absence of any adequate inducement to deceive, convinces us of the truth of Whittemore's claim that Kolstad acquiesced in their advice to abandon the action and get what they could for Kolstad out of the collection which Leistikow left in their hands for that purpose.

From this view of the evidence it follows that the subsequent release of the mechanic's lien by the accused was not wrongful,

however much his conduct with respect to the handling of the claim and the release of the lien may be subject to criticism for loose business methods. His fault in that respect, however, is to a great extent excusable in view of the fact that he was admitted to the bar only in 1900 and had had very little experience as a lawyer.

The evidence is wholly insufficient to show that the accused wrote or was responsible for the letters from the firm of Whittemore & Torson to Kolstad, in which it was stated that the action would soon be tried. The direct proof relied upon to prove his authorship of these letters is little better than conjecture, and the circumstances indicate the contrary. There was no sufficient motive for such misrepresentations on his part; while if it is true, as Whittemore claimed, that one of the collections to be applied upon Kolstad's claim was a debt due from Torson to Leistikow, the motive for Torson to misrepresent the facts for the purpose of delay is apparent. The undisputed evidence as to the latter's personal and business habits, we regret to say, renders it not improbable that he might write such letters even though he may have had no actual corrupt intent in so doing.

After the evidence on the original accusation had been completed, application was made to reopen the case and file an additional and supplemental accusation charging the defendant with subornation of perjury. This application was granted, the defendant consenting thereto. This supplemental accusation was based upon a document purporting to have been signed by the accused, and was in the form of a written contract between the accused and one of the witnesses who had testified in his behalf, whereby the accused agreed to pay the witness $250 and all expenses for the latter's "honest testimony." The document was of such a character that, if genuine, it clearly indicated a bargain for false testimony. This document came into the hands of the person most deeply interested in the prosecution, and he procured it from a worthless character who promptly disappeared after receiving $100 for the delivery of the document. After examining the evidence on this subject we have no hesitation in declaring that the document is a forgery.

We find the accused not guilty of all the accusations against him and this proceeding is dismissed.

All concur.